# EXHIBIT 1

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Tribunal

ENH LLC v. Amazon Inc. and Amazon.com
Services, LLC,
Case 01-24-0003-2336

## <u>Arbitrator's Final Award</u>

I, Jeff L. Rose, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the Arbitration Agreement entered into by the above-named parties, each represented by counsel, and having been duly sworn and having fully reviewed and considered the written documents of ENH LLC v. Amazon Inc. ("Claimant"), represented by Kenneth G. Eade, Esq., and Amazon Inc. and Amazon.com Services, LLC, ("Respondents" or "Amazon"), represented by Ian Harris, Esq., as filed herein and put forth via written submission, oral argument having been waived on the agreement of the parties, render this final AWARD as follows:

### <u>Award</u>

Having considered the briefing submitted, and the evidence and sworn testimony submitted by the parties, the undersigned Arbitrator hereby finds that Claimant has not established a breach of the contract governing the parties relationship, the Amazon Business Solutions Agreement ("BSA"); that the BSA expressly authorized

Amazon to take the actions of which Claimant complains based upon breaches of the BSA by Claimant; and, that the BSA is a valid and enforceable agreement. As such, Claimant shall take nothing on its claims.

## Background and Reasoning in Support of Award

The parties are familiar with the facts of the case, thus the undersigned arbitrator will simplify recitation of the facts and only recount specifics as necessary to set forth the reasons for the award.

**The BSA is An Enforceable Contract Governing the Parties' Relationship**

Claimant entered into a business relationship as a third-party seller with Respondent Amazon.com.  The relationship was governed by the Amazon Services Business Solutions Agreement (BSA), which Claimant signed to enable it to sell merchandise on Amazon's platform. This dispute arises from Amazon's termination of Claimant's status as a seller on November 18, 2020, and subsequent withholding of Claimant's seller funds pursuant to the BSA.

AAA Case No. 01-24-0003-2336                                    2

The BSA sets forth extensive terms and conditions governing the interactions between third-party sellers like Claimant and Amazon. Relevant to the dispute at hand are the provisions under which Amazon my remove sellers from the platform and withhold certain funds from the seller's account. Claimant asserts that these provisions of the BSA are one-sided and overly harsh. Amazon maintains that the BSA is an at-will agreement and that the rules are in place to "maintain the integrity of its online stores because customer trust is the foundation of Amazon's business." These assertions are not necessarily mutually exclusive.

Relevant here, Amazon's Funds Withholding Policy provides:

"If we find that you have engaged in deceptive, fraudulent, or illegal activity, have abused our systems, or repeatedly violated our policies that protect our customers and sellers, we may withhold some or all funds in your account. Examples of deceptive, fraudulent, or illegal activities include, but are not limited to: falsifying or misrepresenting your identity, violating Amazon's anti-counterfeit policy, or submitting forged documents to Amazon."

Whether onerous or not, these policies were fully disclosed and agreed to by Claimant when it contracted with Amazon in the at-will BSA.  It is undisputed from the

AAA Case No. 01-24-0003-2336                                3

record and testimony herein that Claimant agreed to the BSA and was aware of the policies at issue here:

"If you do fraudulent, illegal, deceptive policy – or violate Amazon policy, Amazon can permanently withhold the money." Deposition of Husamettin Erciyas, R11 at 81:8–10.

Nevertheless, Claimant herein asserts that Section 2 of the BSA is unenforceable as procedurally and substantively unconscionable and an unenforceable penalty clause, putting forth a host of arguments to invalidate the terms of the BSA.

Claimant has failed to prove its assertion that Section 2 of the BSA is an unconscionable, unlawful penalty or invalid liquidated damages provision.  More persuasive is Amazon's argument that Section 2 is an enforceable liquidated damages provision designed to compensate Amazon for harms caused by a seller who acts fraudulently or violates Amazon's policies.

Claimant's extra-contractual claims also fail in circumventing the BSA.  Claimant's unjust enrichment claim fails on the merits because a contract governs the parties' relationship.  Likewise, Claimant's claim of conversion and assertion of Washington State Consumer Protection Act claims are precluded by the existence of contractual terms governing the parties' relationship.

**Claimant's Evidence Submitted Did Not Establish that Amazon Breached the BSA, But Rather Supports Amazon's Position that Its Actions were Justified by Claimant's Breaches of the BSA**

Claimant alleges that Amazon breached the BSA by its termination of the seller account without notice under Section 3 of the BSA and Amazon's failure to release sales proceeds from Claimant′s seller accounts. Claimant seeks an award of the amount withheld, $294,610.77 per Claimant's Statement of Claim filed in the arbitration, plus interest at 12% per annum from termination. Claimant also seeks attorney′s fees and arbitration costs under the applicable Washington State consumer protection act and unspecified consequential damages (which would be barred by the parties' consequential damages waiver).

Evidence herein failed to establish a breach of the BSA by Amazon, and instead showed that Amazon's actions were justified because Claimant breached the terms of the BSA in multiple respects through ongoing, repeat policy violations.  As summarized by Amazon:

"Claimant received 3,029 notices in 2020 that products in their MIB SHOP seller account violated Amazon′s Intellectual Property Policy. Of the 115,967 orders placed with MIB SHOP that same year, 81.64% were cancelled – almost 80 percentage points higher than the 2.5%

maximum cancellation rate allowed under Amazon's Cancellation Rate Policy."

Amazon also put on evidence that Claimant violated Amazon's Marketplace Fair Pricing Policy by setting significantly higher prices for their product listings than recent prices offered on Amazon for the same products, and also established that violated the BSA rules on sellers having involvement with multiple accounts.

Amazon put on evidence that it repeatedly warned Claimant about their policy violations; that Claimant acknowledged Amazon's policy violation notices; and that Claimant responded to these notices by admitting the alleged conduct. Data submitted by Amazon established that Claimant sent an average of 1.47 apology messages a day to brand owners Claimant infringed upon in the six months leading to the account termination, May 2, 2020 to Nov. 10, 2020.

As Amazon argues, "When a third-party seller account repeatedly violates the BSA by engaging in conduct that could harm customers, Amazon is well within its contractual rights to terminate the relationship. After agreeing to the BSA and accepting its benefits, Claimant cannot now avoid the clear terms and consequences of Claimant's breaches of that agreement."

For the foregoing reasons, Claimant has not established its entitlement to the damages sought on this record.

AAA Case No. 01-24-0003-2336                                              6

# **Claimant's Request for Fees and Costs**

Claimant has moved for recovery of attorneys' fees and costs from Respondents. Under Washington law, attorneys' fees may be recovered only when authorized by a private agreement of the parties, a statute, or a recognized ground of equity, none of which apply on these facts.  Having made no such finding, nor any determination of improper purpose in filing, under either the applicable law or the AAA rules, the undersigned orders that each party shall bear their own costs and fees.

The administrative fees of the American Arbitration Association totaling $2,900.00, and the compensation of the Arbitrator totaling $15,600.00 shall be borne as incurred.

## Full and Final Resolution of Claims

This Award is in full resolution of all claims submitted in this Arbitration. All arguments made but not specifically addressed herein are rejected and claims not expressly granted herein are hereby denied.

AAA Case No. 01-24-0003-2336

7

## Affirmation

I, Hon. Jeff Rose, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.


*November 22, 2024*          */s/ Hon. Jeff L. Rose*

_____

Date                        Hon. Jeff L. Rose, Arbitrator