|  |  |
|---|---|
| ENH LLC, | CASE NO. C24-02082 |
| Petitioner(s), | ORDER DENYING MOTION TO VACATE AND GRANTING MOTION TO CONFIRM ARBITRATION AWARD |
| v. |  |
| AMAZON.COM SERVICES LLC et al., |  |
| Respondent(s). |  |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Petitioner ENH LLC ("ENH"), a third-party seller that operated on the online marketplace Amazon.com, seeks to vacate a final arbitration award issued against ENH and in favor of Respondents Amazon.com Services LLC and Amazon.com, Inc. (collectively, "Amazon"). Dkt. Nos. 11, 12 (corrected motion). In response, Amazon cross-moves to confirm the arbitration award. Dkt. No. 13.

Having reviewed the briefs and supporting materials and the relevant record, the Court DENIES ENH's motion to vacate (Dkt. Nos. 11, 12) and GRANTS Amazon's cross-motion (Dkt. No. 13). ENH has failed to show that the arbitration award was completely irrational or exhibited a manifest disregard of the law. As such, the Court confirms the award.

ORDER DENYING MOTION TO VACATE AND GRANTING MOTION TO CONFIRM ARBITRATION AWARD - 1

## I. BACKGROUND[1]

ENH is a third-party seller that operates on Amazon's online marketplace. Dkt. No. 1-1 at 3. To sell merchandise on Amazon's platform, ENH signed the Amazon Services Business Solutions Agreement ("BSA"). *Id.*; Dkt. No. 1-2 at 4. The BSA incorporates Amazon's Funds Withholding Policy. Dkt. No. 14 at 7. The policy specifies that "[i]f we determine that your account—or any other account you have operated—has been used to engage in deceptive, fraudulent, or illegal activity (including the sale of counterfeit goods), or to repeatedly violate our Program Policies, then we may in our sole discretion permanently withhold any payments to you." Dkt. No. 1-2 at 13–14. Under the BSA, Amazon remitted sale proceeds to sellers on a 14-day basis. *Id.* at 33 (referencing Section 2).

ENH operated an Amazon store called MIB SHOP. Dkt. No. 1-2 at 5. On November 18, 2020, Amazon deactivated ENH's seller account for being related to another seller account, DC TRADE CANADA. *Id.* Upon deactivation, Amazon withheld certain sales proceeds or funds from ENH's account, totaling $294,610.77. *Id.* at 5–6. ENH objected to the withholding, arguing that Amazon had already collected and deducted all costs and commissions it was entitled to under the BSA. *Id.* at 6.

In its deactivation notice to ENH, Amazon notified ENH that it would investigate ENH's account and that "[i]f we find that you have engaged in deceptive, fraudulent, or illegal activity; or have abused our systems or repeatedly violated our Policies, we may withhold some or all funds in your account." Dkt. No. 1-2 at 65. Through its investigation, Amazon concluded that ENH had violated its policies by operating multiple seller accounts without authorization, receiving over

---

[1] The Court bases the factual background on ENH's petition to vacate the arbitration award, its attached exhibits, and the final arbitration award. Dkt. No. 1.

ORDER DENYING MOTION TO VACATE AND GRANTING MOTION TO CONFIRM ARBITRATION AWARD - 2

3,000 infringement notices in 2020, and inflating the prices for its products. Dkt. No. 1-1 at 6–7, Dkt. No. 12-6 at 7–9.

On March 20, 2024, ENH filed a demand for arbitration with the American Arbitration Association ("AAA"). Dkt. No. 1 at 3, Dkt. No. 1-2. ENH asserted claims for damages for breach of contract, conversion, unfair competition under the Washington Consumer Protection Act ("CPA"), and attorney's fees and costs based on Amazon's alleged breach of the BSA. *Id.* ENH based these claims on Amazon's refusal to disburse net proceeds of sales for goods entrusted to Amazon by ENH and which were sold on ENH's behalf. *Id.* ENH sought damages pursuant to the BSA and the CPA. *Id.*

The AAA appointed the Honorable Jeff L. Rose as the arbitrator for this case. Dkt. No. 1 at 4. On November 22, 2024, Arbitrator Rose issued a final arbitration award (the "Final Award"), concluding the BSA is a valid and enforceable agreement, the BSA expressly authorized Amazon's conduct, and as such, ENH failed to establish a breach of the BSA. Dkt. No. 1-1 at 2–3.

On December 17, 2024, ENH filed a petition to vacate the arbitration award in this Court. Dkt. No. 1. In January 2025, ENH moved to vacate the final award. Dkt. Nos. 11, 12. The parties fully briefed the motions, and the matter is ripe for the Court's consideration.

## II.   LEGAL STANDARD

The Court's review of arbitration awards is "both limited and highly deferential." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009). Under the Federal Arbitration Act ("FAA"), courts may only modify, correct, or vacate arbitration awards as prescribed in 9 U.S.C. §§ 10 and 11. *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009). Arbitration awards may be vacated if "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *Id.* § 10. The Ninth Circuit has "held that arbitrators exceed their powers when the award

is completely irrational or constitutes a manifest disregard of the law." *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) (cleaned up).

In cases involving contracts such as this one, "the 'completely irrational' standard is extremely narrow and is satisfied only 'where [the arbitration decision] fails to draw its essence from the agreement.'" *Comedy Club*, 553 F.3d at 1288 (adopting the Eighth Circuit's view from *Hoffman v. Cargill, Inc.*, 236 F.3d 458, 461–62 (8th Cir. 2001)). "An arbitration award 'draws its essence from the agreement' if the award is derived from the agreement, viewed 'in light of the agreement's language and context, as well as other indications of the parties' intentions.'" *Aspic*, 913 F.3d at 1166 (quoting *Bosack*, 586 F. 3d at 1106). This standard requires that courts only decide whether the arbitrator's decision "draws its essence" from the contract—not whether the arbitrator's contract interpretation is correct. *Id.*

Moreover, "[m]anifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Wawock v. CSI Elec. Contractors, Inc.*, 649 F. App'x 556, 557 (9th Cir. 2016). "The moving party must show that the arbitrator understood and correctly stated the law, but proceeded to disregard the same." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (cleaned up). "[T]here must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it." *Bosack*, 586 F.3d at 1104 (alteration in original). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review[.]" *Id.* at 1102.

### III.  ANALYSIS

The Court has jurisdiction over this matter under 9 U.S.C. § 10 and 28 U.S.C. § 1331.

ENH argues that the award should be vacated because Arbitrator Rose (1) irrationally construed Section 2 of the BSA as a valid liquidated damages clause, (2) showed manifest disregard of the law by failing to apply the *Watson* test, and (3) improperly foreclosed ENH's

ORDER DENYING MOTION TO VACATE AND GRANTING MOTION TO CONFIRM ARBITRATION AWARD - 4

ability to seek attorney's fees under the CPA. Dkt. No. 12 at 8–19. The Court addresses each ground in turn, and concludes that the award should not be vacated because Arbitrator Rose did not exceed the scope of his authority.

**A.    The Arbitrator Did Not Manifestly Disregard the Law When Interpreting Section 2 of the BSA.**

The arbitrator ruled that Section 2 of the BSA, under which Amazon withheld the funds at issue, constitutes "an enforceable liquidated damages provision designed to compensate Amazon for harms caused by a seller who acts fraudulently or violates Amazon's policies." Dkt. 12-2 at 5. In so holding, the arbitrator rejected ENH's claim that Section 2 is an unlawful penalty provision and unenforceable as unconscionable. *Id.* ENH renews those arguments here as objections to the arbitrator's decision. As detailed below, the Court concludes the arbitrator did not manifestly disregard the law such that vacatur is appropriate.

1. The Arbitrator's Decision Enforcing Section 2 Was Not Completely Irrational.

First, ENH contends that the arbitrator's interpretation of Section 2 as an enforceable liquidated damages provision was "completely irrational" and posits that drafting deficiencies in the clause "raise the question of whether Amazon really intended Section 2 of the BSA to serve as a liquidated damages clause" or whether Amazon merely seeks to characterize it as such for litigation purposes. Dkt. No. 12 at 9. Specifically, ENH argues that Section 2 fails to identify itself as a liquidated damages clause and does not distinguish the amount to be paid under the clause from a penalty or forfeiture. *Id.* ENH further argues that the arbitrator should have found Section 2 unconscionable. *Id.* at 14.

The Court disagrees. In interpreting Section 2, the arbitration award properly "draws its essence from the agreement" because Arbitrator Rose considered the agreement's specific language and context, as well as the parties' intent. *Aspic*, 913 F.3d at 1166; *see* Dkt. No. 12-2 at

4 (quoting the Funds Withholding Policy), 4–5 ("It is undisputed from the record and testimony herein that [ENH] agreed to the BSA and was aware of the policies at issue here …"), 5 (quoting deposition testimony of ENH's operator). ENH's arguments regarding the structure and phrasing of Section 2 amount to mere disagreement with the arbitrator's interpretation, which is an inappropriate basis for vacatur. *See Bosack*, 586 F.3d at 1106; *Haines v. Amazon.com Servs. LLC*, No. 2:24-cv-00543-JHC, 2025 WL 509532, at *3 (W.D. Wash. Feb. 14, 2025). The operative question is "whether the arbitrator (even arguably) interpreted the parties' contract[.]" *Glob. Indus. Inv. Ltd. v. 1955 Cap. Fund I GP LLC*, No. 23-2662, 2024 WL 3250369, at *1 (9th Cir. July 1, 2024). The answer here is yes. Even if the Court disagreed with Arbitrator Rose's analysis, his interpretation controls. *Id.*

This case is unlike *Aspic*, a case in which the Ninth Circuit affirmed vacatur of an arbitration award.[2] *Aspic* involved an arbitration award that *expressly* refused to enforce the parties' contractual provisions and altered the terms of the contract. *Aspic*, 913 F.3d at 1167–68. Specifically, the arbitrator found that the appellant "was not held to the[] strict provisions" of certain Federal Acquisition Regulations ("FAR"), despite the underlying subcontracts' requirement to apply the FAR. *Id.*; *see also United Food & Com. Workers Union, Loc. 1119, AFL-CIO v. United Markets, Inc.*, 784 F.2d 1413, 1416 (9th Cir. 1986) (affirming vacatur because the arbitrator added to the terms of the agreement); *Pac. Motor Trucking Co. v. Auto. Machinists Union*, 702 F.2d 176, 177 (9th Cir. 1983) (affirming vacatur because the arbitrator acknowledged the underlying contract "gave the company discretion over the [employee] position" but "ruled that the company could not demote [the employee] from [the position] because to do so would be

---

[2] ENH also cites one other decision—an arbitration award in which an arbitrator concluded that Section 2 of the BSA was not a valid liquidated damages provision. Dkt. No. 12 at 9–10. This authority is neither persuasive nor binding. That unrelated arbitration decision was based on separate facts and a different petitioner. And the fact that a better interpretation of Section 2 might exist—either by the hands of another arbitrator or this Court—remains insufficient to warrant vacating the award. *Glob. Indus.*, 2024 WL 3250369, at *1.

ORDER DENYING MOTION TO VACATE AND GRANTING MOTION TO CONFIRM ARBITRATION AWARD - 6

'unreasonable and unconscionable'"). In contrast, ENH does not argue that Arbitrator Rose modified or ignored Section 2; it merely takes issue with the arbitrator's interpretation and application of the term. Therefore, the Court declines to vacate the award on this basis.

For the same reasons, the Court rejects ENH's proposition that Arbitrator Rose showed manifest disregard for the law when he determined that Section 2 was not unconscionable. To do so, ENH must point to "some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it." *Bosack*, 586 F.3d at 1104. Again, ENH's evidence of the arbitrator's "intentional disregard" is sparse and primarily based on the arbitrator's conclusion. *See* Dkt. No. 12 at 15 ("Arbitrator Rose's casual rejection manifestly disregards the law on this matter."). In the decision, Arbitrator Rose summarized Section 2 of the BSA and considered the plain language of Amazon's Funds Withholding Policy. Dkt. No. 12-2 at 4. The arbitrator found that these policies were not one-sided or overly harsh, and therefore, unconscionable. *Id.* Rather, the arbitrator determined that even if Amazon's policies were "onerous," based on the undisputed record, they were fully disclosed and agreed to by ENH. *Id.* at 4–5.

ENH provides no evidence that the arbitrator applied a different or incorrect standard for determining unconscionability. Rather, ENH reiterates the same arguments it made during arbitration. At most, ENH provides a conclusory assertion that the arbitrator "disregarded textbook law in an effort to prevent what he deemed an unfair result" without any citation to the record. Dkt. No. 12 at 9. This is likewise insufficient to support vacatur.

2. <u>The Arbitrator's Decision Did Not "Manifestly Disregard" the *Watson* Test.</u>

ENH argues that the arbitrator exhibited manifest disregard of the law when he "failed to apply the *Watson* test" to the analysis of Section 2, referring to *Watson v. Ingram*, a Washington Supreme Court case. Dkt. No. 12 at 10 (citing 881 P.2d 247 (Wash. 1994)). In *Watson*, the state

ORDER DENYING MOTION TO VACATE AND GRANTING MOTION TO CONFIRM ARBITRATION AWARD - 7

supreme court held that "[l]iquidated damages clauses are favored in Washington, and courts will uphold them if the sums involved do not amount to a penalty or are otherwise unlawful." 881 P.2d at 249. The *Watson* court provided two factors to consider in determining whether a liquidated damages clause is valid. *Id.* "First, the amount fixed must be a reasonable forecast of just compensation for the harm that is caused by the breach. Second, the harm must be such that it is incapable or very difficult of ascertainment." *Id.*

According to ENH, the arbitrator failed to examine whether Section 2 complied with either factor because the decision "is silent on any recital or application of law at all." Dkt. No. 12 at 10 (emphasis omitted). ENH claims that this omission shows that the arbitrator "simply decided where he wanted to go and worked backwards from there." *Id.* at 11.

As an initial matter, the mere fact that the arbitrator did not explicitly cite *Watson* does not indicate manifest disregard of the law. "Arbitrators are not required to set forth their reasoning supporting an award" and the award "may be made without explanation of their reasons and without a complete record of their proceedings." *Bosack*, 586 F.3d at 1104 (cleaned up). Arbitrator Rose considered the briefing, evidence, and sworn testimony submitted by the parties. Dkt. No. 12-2 at 2. Both parties cited and relied on *Watson* in their briefs. Dkt. No. 12-5 at 25–30, Dkt. No. 12-6 at 17. The parties debated the issue of whether Section 2 reasonably forecasted compensation, and ENH argued that it did not because the withheld amount fluctuates. Dkt. No. 12-5 at 25–27. In response, Amazon argued that Section 2 ties damages to the seller's actual performance by limiting the potential withholding amount to 14 days of available funds because sellers are paid every 14 days. Dkt. No. 12-6 at 33–34. Amazon further explained that doing so was reasonable because when a seller first agrees to the BSA, Amazon does not know what types of products the seller will list, the amount of sales it will have, or the likelihood that the seller will violate the BSA. *Id.* at 33. Therefore, Amazon contended that basing liquidated damages on sales

ORDER DENYING MOTION TO VACATE AND GRANTING MOTION TO CONFIRM ARBITRATION AWARD - 8

velocity provides a "reasonable forecast" for the harm caused, more so than an arbitrary number. *Id.*

Upon his review of the record and the parties' arguments, the arbitrator found Amazon's argument more compelling, and expressly rejected ENH's argument that Section 2 provides an "unlawful penalty or invalid liquidated damages provision." Dkt. No. 12-2 at 5. Again, "there must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it." *Bosack*, 586 F.3d at 1104. As evidence, ENH only points to the lack of explicit citation to *Watson* in the award, the arbitrator's legal conclusion and result, and Arbitrator Rose's reference to submitted deposition testimony. Dkt. No. 12 at 10, 14, 15. This does not indicate that Arbitrator Rose intentionally disregarded the two-prong test in *Watson* and cannot provide an adequate foundation for vacatur. *Yunnan Duobang Network Tech. Co. v. Amazon.com Servs. LLC*, No. C23-1137-JCC, 2023 WL 8717180, at *2 (W.D. Wash. Dec. 18, 2023) ("To the extent Plaintiff argues that the arbitrator applied the standard incorrectly (as opposed to applying the wrong standard), this does not constitute a 'manifest disregard of the law,' even if Plaintiff disagrees with the outcome.") (denying vacatur where the arbitrator applied what the parties agreed was the correct legal standard for evaluating whether Amazon's BSA includes a valid liquidated damages clause).

Accordingly, the arbitrator did not exceed his powers, and the Court denies ENH's request to vacate the award.

**B.     The Arbitrator's Rejection of ENH's Request for Attorney's Fees Under the CPA Was Not Irrational nor a Manifest Disregard of the Law.**

Lastly, ENH claims that the arbitrator "manifestly disregarded the entire [CPA]" which led to an improper denial of attorney's fees to ENH. Dkt. No. 15 at 14–15, Dkt. No. 12 at 19. In the award decision, the arbitrator found that the CPA claims were "precluded by the existence of

ORDER DENYING MOTION TO VACATE AND GRANTING MOTION TO CONFIRM ARBITRATION AWARD - 9

contractual terms governing the parties' relationship." Dkt. No. 12-2 at 5. Specifically, the arbitrator cited the BSA terms relating to Amazon's purportedly unfair or deceptive practice of withholding seller funds, and noted that "[w]hether onerous or not," the terms were fairly disclosed and agreed to by ENH. *Id.* at 4–5. As such, because ENH failed to establish any unfair or deceptive act, the CPA claim failed, and the arbitrator concluded that ENH was not entitled to attorney's fees or costs. *Id.* at 8.

The arbitrator's decision was not irrational or in disregard of the law. In deciding the CPA claim, the arbitrator considered whether ENH received full disclosure of Amazon's Funds Withholding Policy and Section 2, whether ENH was aware of these policies (it was), and whether the contract was at-will (*i.e.*, whether ENH had the means to avoid these policies by declining to sell through Amazon). Dkt. No. 12-2 at 4–5. The arbitrator further concluded that Amazon acted consistently with the BSA, and its actions were "justified" because ENH "breached the terms of the BSA in multiple respects through ongoing, repeat policy violations." Dkt. No. 12-2 at 6. The decision then summarized ENH's thousands of violations of Amazon's Intellectual Property Policy and Fair Pricing Policy and concluded that ENH had been repeatedly warned about the policy violations and ultimately admitted the alleged conduct. *Id.* at 6–7. On this basis, where Amazon sought to enforce the BSA and ENH violated it, the arbitrator concluded that ENH was not entitled to CPA damages or fees.

At bottom, ENH claims that the arbitrator erred by misinterpreting and misapplying case law to hold that a party to a contract can never bring a CPA claim against a counter party. *See* Dkt. No. 12 at 13 (citing *Robinson v. Avis Rent A Car Sys., Inc.*, 22 P.3d 818, 826 (Wash. Ct. App. 2001)); Dkt. No. 15 at 14. ENH's argument fails for two reasons. First, ENH misreads the decision. The arbitrator found that *in this case*, ENH could not show an unfair practice where Amazon acted in conformance with the contract, which the arbitrator had already ruled was not

ORDER DENYING MOTION TO VACATE AND GRANTING MOTION TO CONFIRM ARBITRATION AWARD - 10

unconscionable, where the terms were disclosed and not overly harsh.  Second, even if the decision did in fact misapply case law (it did not), a manifest error of law must be more than an "error in the law or a failure on the part of the arbitrators to understand or apply the law." *Wawock*, 649 F. App'x at 557.  Here, ENH does not argue that the arbitrator understood the law and "proceeded to disregard the same." *Collins*, 505 F.3d at 879 (cleaned up).  Nor does ENH identify any well-defined, explicit, and clearly applicable governing law that the arbitrator ignored. *Id.*  Rather, ENH merely disagrees with the arbitrator's decision, which is insufficient to support a motion for vacatur.  Dkt. No. 15 at 14.

## IV.   CONCLUSION

Finding no grounds on which the award may be "vacated, modified, or corrected," the Court accordingly CONFIRMS the award under 9 U.S.C. § 9.  ENH's motion to vacate (Dkt. Nos. 11, 12) is DENIED.  Amazon's cross-motion to confirm the award (Dkt. No. 13) is GRANTED.

Dated this 20th day of May, 2025.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION TO VACATE AND GRANTING MOTION TO CONFIRM ARBITRATION AWARD - 11